UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LIGE ROGERS                                              CIVIL ACTION

VERSUS                                                   NO: 04-0223

VENETIA T. MICHAELS                                      SECTION: R(4)

### ORDER

This matter is before the Court to determine whether a certificate of appealability should issue on Lige Rogers' petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 and Federal Rule of Appellate Procedure 22(b)(1). For the following reasons, the Court finds that a certificate of appealability should not issue.

### I. BACKGROUND

Petitioner Lige Rogers filed this petition for *habeas corpus* on December 30, 2004. The Court denied his petition as time-barred on May 16, 2005, and petitioner appealed the Court's judgment. On July 11, 2007, the Fifth Circuit remanded this case

for further development of the record to determine whether petitioner obtained an extension that tolled that one-year statute of limitations for filing his federal habeas petition. Petitioner expanded the record to include evidence concerning his extension, but this evidence showed that petitioner, after taking advantage of one extension for filing supervisory writ applications in state court, failed to timely file subsequent applications or timely obtain an additional extension. Accordingly, the Court concluded that petitioner's federal habeas claims were time-barred and dismissed his petition. *See* Order and Reasons, Jan. 16, 2008, R. Doc. 32. On January 28, 2008, petitioner filed a timely notice of appeal and this motion for certificate of appealability.

**II.  DISCUSSION**

Under Federal Rule of Appellate Procedure 22(b)(1), when a state *habeas* petitioner files a notice of appeal, the district court that issued the judgment being appealed must "either issue a certificate of appealability or state why a certificate should not issue" and must send the certificate or statement to the court of appeals.  Fed. R. Crim. P. 22(b)(1). The Court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28

U.S.C. § 2253(c). In *Miller-El v. Cockrell*, 537 U.S. 322 (2003), the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further." *Id.* at 326 (internal quotations omitted). A certificate of appealability does not require a showing that the appeal will succeed, but the determination of whether a certificate should issue requires "an overview of the claims in the habeas petition and a general assessment of their merits." *Id.*

Here, Rogers has not specified any grounds for which he seeks a certificate of appealability. He merely recites the recent procedural history of his petition. Assuming that he challenges the Court's finding that he did not obtain an extension for his state court post-conviction proceedings that tolled the statute of limitations for filing his federal habeas petition, the Court concludes, after reviewing the record, that reasonable jurists could not debate the Court's resolution of the issues raised in his petition. The Court allowed Rogers to supplement the record with documents to establish that he timely obtained an extension, and those records show that he failed to

3

do so. Rogers does not address the Court's reasoning, and points to no reason why the Court is in error. Accordingly, the Court finds that a certificate of appealability should not issue.

New Orleans, Louisiana, this  8th  day of February, 2008.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE